## CIRCUIT COURT OF FAIRFAX COUNTY

Taylor

v.

Taylor

February 14, 1991

Case No. (Chancery) 98274

By JUDGE THOMAS J. MIDDLETON

On February 1, 1991, Goldie B. Taylor, by counsel, moved the Court to value the interest of Evalyn J. Taylor in the Marriott stock at its value on February 1, 1991, and not as of May 17, 1988.

On July 15, 1988, a final decree of divorce was entered in this matter. That decree provided, *inter alia*, that 22,000 shares, more or less, of stock of the Marriott Corporation were separate property of the defendant. On May 16, 1988, a pre-trial Order was entered providing for allocation of certain properties between the parties. At the hearing for equitable distribution held on May 17, 1988, the said stock was valued at $644,000.00.

The Court of Appeals, on January 23, 1990, found that the Marriott stock was marital property and remanded the matter for further consideration of the monetary award.

On December 13, 1990, a hearing was held for determination of the monetary award to be awarded to the complainant. Thereafter the Court ruled that the complainant, in addition to the property division and awards previously made, was entitled to receive as an additional monetary award of six and one-half percent of the value of the Marriott stock, i.e. $41,860.00.

On February 1, 1991, the defendant, by counsel, requested that the monetary award be based on the value of the Marriott stock as of December 13, 1991. It was argued that the stock had declined in value by approximately two-thirds and that it would be inequitable to require the defendant to pay a monetary award based upon the value as of May 17, 1988.

Upon review of the file, an order entered on October 10, 1986, was found. It provided that:

1. Defendant and plaintiff shall refrain from disposing of any of the marital assets of the parties.

2. That of [sic] the marital property shall be maintained as it was maintained on August 29, 1986.

On June 23, 1989, a Consent Order was entered providing for the complainant to have sole custody and control of the jointly-held property bank account and for the defendant to pay one-half of all taxes on jointly-held property and one-half of all maintenance and repair costs on property owned by the parties.

As late as August 21, 1989, the complainant petitioned the Court for issuance of a Rule to Show Cause in connection with the Orders entered on October 10, 1986, and July 15, 1988.

It is the opinion of the Court that the Order of October 10, 1986, remained in effect as to the Marriott stock up until the date of the Final Decree on July 15, 1988. At that time the Marriott stock was decreed to be the separate property of the husband.

The Notice of Appeal was filed on August 10, 1988. At that time both parties knew that the question of classification of the Marriott stock was at issue.

In the intervening time, the stock has declined substantially in value and the question has arisen concerning which of the parties should bear the loss.

It is argued that the defendant had control of the stock and could have sold it to protect against the decline. Instead, he chose to hold onto it as he has from the beginning. The wife has done nothing to affect the value. She did appeal the decision of this Court with respect

to the stock but was upheld on appeal, thus giving rise to ownership interest which related back to the hearing of May 17, 1988.

The defendant argues that it would be inequitable to require him to pay a monetary award based upon the May 17, 1988, valuation since he must make payment with the proceeds of the lesser valued stock. In fact, the defendant has requested that he be allowed to satisfy the monetary award applicable to the stock valuation by conveying 1430 shares to the complainant.

A review of the decision of the Court of Appeals issued on January 23, 1990, indicates that the monetary award must be reconsidered in light of the finding that the Marriott stock was marital property.

Since the decision of the Court of Appeals resulted in a reclassification of the Marriott stock to marital property, it became necessary for this Court to value the interest of the complainant in that stock after consideration of all the statutory factors and in a manner which will reflect all the circumstances of the marital partnership. The Court has reviewed all of the statutory factors, the pre-trial Order of May 16, 1988, the transcript of the hearing held on May 17, 1990, and the evidence presented on December 13, 1990.

At the hearing on December 13, 1990, the Court was informed of the decline in value of the Marriott stock. It appears that the value of the Marriott stock is now approximately two-thirds less than the value of the same stock on May 17, 1988. The value of $41,680.00 assigned to the stock on December 13, 1990, was predicated upon the gross valuation of $644,000.00 determined on May 17, 1990. This method of valuation was not correct. It is the belief of the Court that a monetary award which includes the interest of the complainant in the Marriott stock must be determined as of December 13, 1990, the date of the final evidentiary hearing, otherwise an inequitable result will follow; i.e., the defendant will have suffered a loss from the decline in the value of the stock but will be required to pay the monetary award as if this event had not occurred. Therefore, the complainant will be awarded six and one-half percent of the value of the Marriott stock as of December 13, 1990.